**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SAMANTHA SZURGYJLO**<br><br>v.<br><br>**SOURCEONE PHARMACY SERVS., LLC and CONSTANTINE PIPPIS** | **CIVIL ACTION**<br><br>**NO. 20-4304** |

**MEMORANDUM RE: PARTIAL MOTION TO DISMISS**

**Baylson, J.**                                                                                                           **December 8, 2020**

### I.   Introduction

Samantha Szurgyjlo alleges that she was fired from her job at SourceOne Pharmacy for taking pregnancy leave. In her complaint, she alleges SourceOne's CEO exhibited a troubling tendency to mistreat and mistrust pregnant employees, one which unlawfully resulted in her termination. In the present motion, however, Defendants do not challenge the substance of her allegations. They focus instead on the proper jurisdictional hurdles through which Plaintiff must proceed.

Plaintiff filed both federal and state law employment discrimination claims (one for pregnancy discrimination, one for gender discrimination). Defendants argue that the Court must dismiss the state law claims for lack of jurisdiction. They argue that the Pennsylvania Human Relations Commission ("PHRC") retains exclusive jurisdiction over Plaintiff's state law claims. Plaintiff, in turn, asks the Court to disregard this issue because this exclusive jurisdiction will expire during this case's likely timeline.

1

The Court, however, cannot grant itself temporary jurisdiction in a matter over which it has none. Therefore, the Court will DISMISS Plaintiff's state law claims without prejudice, but it will permit Plaintiff to amend her complaint to reassert them if and when they become ripe for federal court adjudication. The case will proceed on Plaintiff's federal claims, for which Defendants filed no objection.

## II.     Factual and Procedural History

For the purposes of a motion to dismiss, the court will assume as true all factual allegations in the Plaintiff's complaint.

Plaintiff was a pharmacist at SourceOne Pharmacy, where she performed her role well. Am. Compl. at ¶¶ 10, 13. In January 2020, Plaintiff notified her supervisors (the pharmacy manager and Constantine Pippis, the CEO) that she would be taking pregnancy leave shortly but planned on returning to work after leave. Id. at ¶¶ 14, 16. Instead, Pippis called Plaintiff on the first day of her leave and told her that she was fired. Id. at ¶ 18. Although he premised this termination on the loss of a service contract, id., Pippis has a history of disparaging comments about female employees taking pregnancy leave, id. at ¶¶20–21, 28–32.

Plaintiff's termination occurred on January 13, 2020. Id. at ¶ 18. She filed a charge to the EEOC on April 29, 2020. Ex. A to Defs.' Partial Mot. To Dismiss (ECF 3-2). The EEOC directed the charge to the PHRC. Am. Compl. at ¶ 3. The EEOC sent Plaintiff a notice of right to sue letter on August 17, 2020. Id. This letter required that Plaintiff file a complaint in court within ninety days. See Ex. 2 to Pl.'s Mem. in Opp. at 4 (ECF 5). She did so, initiating the present suit on September 2, 2020. ECF 1.

2

Defendants moved to dismiss Plaintiff's state law claims on November 2, 2020. ECF 3. Plaintiff responded in opposition, ECF 5, and Defendants replied shortly thereafter, ECF 6. At the time of this opinion, the EEOC's ninety-day filing window has elapsed but it has not yet been a full year since she filed her charge with the PHRC.

### III. Legal Standard

Defendants moved to dismiss Plaintiff's claims for lack of jurisdiction under Federal Rule 12(b)(1).[1] Under Federal Rule 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). Before doing so, however, the court must assess whether the challenging party presents a facial or factual attack on the purported jurisdictional hook for the claim. Constitution Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014) (citing Schering Plough, 678 F.3d at 243). A facial attack "considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court." Id. A motion to dismiss is, "by definition, a facial attack" when filed before the defendant answered the complaint "or otherwise presented competing facts." Id.

A factual attack, however, disputes the veracity of the pleaded facts that give rise to jurisdiction and "requires a factual dispute." Id.

---

[1] Defendants argue in the alternative that the Court should dismiss for failure to state a claim under Federal Rule 12(b)(6). However Defendants' arguments exclusively address "Plaintiffs failure to exhaust her administrative remedies," which "the Court treats . . . as a motion pursuant to [Federal Rule] 12(b)(1) rather than 12(b)(6)." Mikulski v. Bucks Cnty. Cmty. Coll., Civ. No. 11-557, 2011 WL 1584081, at *6 (E.D. Pa. Apr. 27, 2011) (Baylson, J.).

No factual dispute is present here; Defendants' motion constitutes a facial attack on jurisdiction. "In reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" Id. (citation omitted). The Court must therefore assess "whether [Plaintiff's] allegations, if accepted, meet the legal requirements for standing." Id. at 360.

**IV.   Analysis**

Defendants argue that the Court must dismiss Plaintiff's state law claims because the PHRC has exclusive jurisdiction over them until it releases jurisdiction by affirmative steps or one year elapses since Plaintiff filed the charge.[2] The Court agrees: until Plaintiff exhausts her charge pending with the PHRC, this Court has no jurisdiction over her state law claims.

Mikulski v. Bucks County Community College outlines the exhaustion process required for federal court jurisdiction over PHRA claims:

> After filing a charge with the PHRC, the PHRC has exclusive jurisdiction for one year over the claim. If the PHRC does not take action within one year of filing the charge, the plaintiff may proceed in court. Abiding by the procedural requirements of the PHRA allows the PHRC to use its specialized expertise to attempt to resolve discrimination claims without the parties resorting to court.
>
> A plaintiff's failure to exhaust administrative remedies deprives the district court of jurisdiction over the claim.

2011 WL 1584081 at *6 (citations and internal quotations omitted); see also 43 Pa. Cons. Stat. § 962(c)(1).

---

[2] This opinion will refer to the period in which PHRC has exclusive jurisdiction as the "PHRC Period."

Plaintiff dual-filed her charge to the EEOC and PHRC on April 29, 2020. A full year has not yet elapsed since the PHRC received it, nor does Plaintiff allege any action from the PHRC that would permit her to proceed in court with her state law claims. The PHRC therefore retains exclusive jurisdiction, and this Court lacks jurisdiction over the state law claims.

Plaintiff argues that the Court should apply "a flexible approach to PHRA exhaustion by permitting [her] to maintain PHRA claims if the one-year deadline expires during court proceedings." Pl.'s Mem. in Opp. at 3 (quoting Bines v. Williams, Civ. No. 17-4527, 2018 WL 4094957, at *5 (E.D. Pa. Aug. 27, 2018) (DuBois, J.)). But this approach cannot apply when the PHRC still has exclusive jurisdiction over the pending claims.

In Bines, the plaintiff had "filed [her] suit before expiration of the [PHRC]'s one-year exclusive jurisdiction," but the court nonetheless denied the motion to dismiss for lack of jurisdiction. 2018 WL 4094957 at *5. The court premised its reasoning, however, on the fact that the PHRC Period had elapsed before its ruling. Id. ("[A]lthough plaintiff filed her Complaint before the expiration of the one-year exclusive jurisdiction of the PHRC, that period has since passed."). Bines' conclusion that courts follow a "flexible approach to PHRA exhaustion," in turn, also relied on cases where the PHRC Period had lapsed before the opinion was written.[3] Bines therefore stands for the unremarkable proposition that a court need not dismiss a claim to wait for

---

[3] See Wardlaw v. City of Phila., Civ. No. 09-3981, 2011 WL 1044936, at *3 (E.D. Pa. Mar. 21, 2011) (Rufe, J.) (cited by Bines) ("Even if the . . . charge was . . . filed prematurely . . . , that defect has been cured by the passage of time."); Schaefer v. Indep. Blue Cross, Inc., Civ. No. 03-5897, 2005 WL 181896, at *5 (E.D. Pa. Jan. 26, 2005) (Surrick, J.) (cited by Wardlaw) (Plaintiff filed an amended complaint to reassert her PHRA claims after PHRC Period.); Volanti v. Emery Worldwide A-CF Co., 847 F. Supp. 1251, 1258 (M.D. Pa. 1994) (cited by Bines and Wardlaw) ("More than one year has now passed since his PHRC filing, entitling him to maintain an action on that PHRA claim.").

the PHRC Period to elapse if the PHRC period has <u>already elapsed</u>.  Accord <u>Diallo v. Commonwealth Support Servs.</u>, Civ. No. 18-1517, 2019 WL 95918, at *3 (E.D. Pa. Jan. 3, 2019) (Baylson, J.) (finding jurisdiction satisfied when PHRC Period expired during briefing on the motion to dismiss).

In contrast, courts that ruled on a motion to dismiss before the PHRC Period ended have uniformly dismissed for failure to exhaust.  See <u>Tlush v. Mfrs. Res. Ctr.</u>, 315 F. Supp. 2d 650, 656–57 (E.D. Pa. 2002) (Brody, J.) (collecting cases).  This is because these courts, at the time of the ruling, had no jurisdiction over the case and could not simply order it into existence.  See <u>Bowles v. Russell</u>, 551 U.S. 205, 214 (2007) (A federal court "has no authority to create equitable exceptions to jurisdictional requirements.").  The present case falls into this latter category.  The PHRC still retains exclusive jurisdiction over Plaintiff's claims until the end of the PHRC Period, and, therefore, this Court has no jurisdiction.

Accordingly, the Court will dismiss Plaintiff's state law claims, but it will permit her to file an Amended Complaint regarding her state law claims after the PHRC Period elapses.  Doing so is in line with typical practices in this jurisdiction.  <u>See., e.g.</u>, <u>Simon v. Integrated Project Servs., LLC</u>, Civ. No. 17-03474, 2018 WL 3585137, at *4 (E.D. Pa. July 26, 2018) (Jones, J.) ("Plaintiff cured said 'premature' filing by submitting an Amended Complaint after the one-year limitation had expired.") (citing cases in support).  Plaintiff will be able to pursue discovery based on her related federal law claims in the meantime.

**V.     Conclusion**

For the reasons set forth above, the Court will DISMISS Plaintiff's claims arising from state law without prejudice for lack of jurisdiction.  An appropriate Order follows.

O:\CIVIL 20\20-4304 Szurgyjlo v Sourceone\20cv4304 Memo on Partial MTD 12082020.docx